**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ENRICO L. DAVIS, | ) | CASE NO:  4:07-cv-02837 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| D. BOBBY, Warden | ) | NANCY A. VECCHIARELLI |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

Enrico L. Davis ("Davis"), *pro se*, filed a petition for a writ of habeas corpus on September 19, 2007. (Doc. No. 1.) In his petition, Davis claims that the "state of Ohio violated plea bargaining agreement with petitioner [resulting in a] violation of his civil rights [under the] [U]nited [S]tates constitutin [sic]."[1] *Id.*

After reviewing Davis's petition, the undersigned concluded that Davis's petition failed to identify specific constitutional violations and completely omitted the facts supporting his claims for relief. (Doc. No. 4.) *See* RULES GOVERNING SECTION 2254 CASES IN THE U.S. DISTRICT COURTS, Rule 2(c)(1) & (2) ("The petition must specify all grounds for relief available to the petitioner [and] state the facts supporting each ground for relief..."); *Mayberry v. Petsock*, 821 F.2d 179, 185 (3rd Cir. 1987) ("bald assertions and conclusory allegations do not ... provide a basis for imposing upon the state the burden of responding in discovery to every habeas

---

[1] Davis also fails to provide any meaningful specificity concerning the grounds he raised on direct appeal in state court other than the brief statement "breach of plea agreement."

petitioner who chooses to seek such discovery ... [and] notice pleading is not countenanced in habeas petitions.")

On December 7, 2007, the Court ordered Davis to amend his petition by December 28, 2007. (Doc. No. 4.) As of this date, Davis has failed to file an amended petition. Therefore, the Court must decide on the face of the petition whether the claims asserted merit further federal habeas corpus review. *See Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir. 1990). The undersigned finds that Davis's petition is insufficient for the reason that it fails to set forth a distinct constitutional claim or the facts supporting the claim. Requiring the State of Ohio to respond to such a vaguely stated claim would be unduly burdensome. Accordingly, Davis's petition should be DISMISSED.

/s/ *Nancy A. Vecchiarelli*
United States Magistrate Judge

DATE: January 15, 2008

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111**